UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**CHARLES E. ODELL AND**
**JUDITH L. RUGGERE-ODELL,**          Chapter 7
    Debtors                                Case No. 12-12023-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**DONALD LASSMAN, CHAPTER 7**
**TRUSTEE,**
    Plaintiff
v.                                    Adv. P. No. 12-1294
**MATTHEW GIOVANELLO AND JESSICA**
**GIOVANELLO,**
    Defendants
and
**CHARLES E. ODELL AND**
**JUDITH L. RUGGERE-ODELL,**
    Intervenors

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

# MEMORANDUM

## I. INTRODUCTION

On November 6, 2013, this Court issued a Memorandum and Order, granting the Cross-Motions for Summary Judgment filed by the Plaintiff, the Chapter 7 Trustee (the "Trustee") and the Defendants, Matthew and Jessica Giovanello, in part, and granting the Trustee judgment on Counts I-III of his Complaint in the amount of $13,921. The Trustee had sought $147,870 as the balance due on a Note executed by the Defendants in favor of the Debtors or the avoidance of a transfer that allegedly occurred in December of 2008

1

when Debtors received the last payment on the Note. Both the Trustee and the Defendants requested the Court to reconsider its findings of fact and rulings of law set forth in its Memorandum. *See* Lassman v. Giovanello (In re Odell), No. 12-1294, 2013 WL 5946130 (Bankr. D. Mass. Nov. 6, 2013). The Court held a hearing on the reconsideration requests with respect to the parties' Cross-Motions for Summary Judgment on January 9, 2014. For the reasons set forth below, the Court concludes that it made a factual error in accounting for the amount due under the Note at the petition date and an error of law in granting the Trustee judgment on Count III.

The Court incorporates its earlier Memorandum dated November 6, 2013, amends that Memorandum as set forth below, and vacates the Order dated November 6, 2013 in its entirety for the reasons set forth below. In sum, the Court shall enter an granting the Defendants' Cross-Motion for Summary Judgment on Counts I-III of the Trustee's Amended Complaint and denying the Trustee's Motion for Summary Judgment.

## II. POSITIONS OF THE PARTIES ON RECONSIDERATION

A. The Trustee's Argument

The Trustee, in his Motion for Reconsideration of the Court's ruling on his Motion for Summary Judgment, challenged the Court's decision to deduct the rental value of the in-law apartment from the total due on the Note. He asserted a new legal theory that the Defendants have a quasi-contract claim against the estate and argued that the Defendants have no right to offset or recoup a claim for damages against the balance due on the Note. According to the Trustee, "[i]f the Debtors have an oral lease for life, the Defendants are merely lessors with an unsecured claim who may not receive a distribution of estate

property except through the claims administration process."

      B. <u>The Defendants' Arguments</u>

The Defendants ask the Court to reject the Trustee's arguments on reconsideration on the ground that they are new theories and arguments that were not previously raised. Moreover, THE Defendants argue that the Trustee did not present any newly discovered evidence or point to any manifest error of fact or law. In addition, the Defendants maintain that the Debtors and the Defendants are entitled to setoff their respective obligations to each other, namely, the value of the use and occupancy of the in-law apartment against the balance due on the Note. The Defendants also request that the Court reconsider its decision that the fraudulent transfer reach-back period had not yet expired as of the petition date, asserting that the alleged fraudulent transfer cannot be avoided because it was made when the in-law apartment was certified as ready for occupancy.

## III. RECONSIDERATION STANDARD

In <u>RBSF, LLC v. Franklin (In re Franklin)</u>, 445 B.R. 34 (Bankr. D. Mass. 2011), this Court observed: "In bankruptcy cases, courts in this district routinely hold that motions for reconsideration are not 'a means by which parties can rehash previously made arguments' and that to succeed on motions to reconsider, the movant must 'show newly discovered evidence or a manifest error of fact or law.'" <u>In re Wedgestone Financial</u>, 142 B.R. 7, 8 (Bankr.D.Mass.1992) (citations omitted).

Federal Rule of Bankruptcy Procedure 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of the judgment." Specifically, in <u>In re Mujica</u>, 470 B.R. 251 (Bankr. D. P.R. 2012), *aff'd*, 492 B.R. 355

3

(D.P.R.2013), the court stated:

> Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. at 218. The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. at 218. The party cannot use a Fed.R.Civ.P. 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. A party may not use this type of motion to raise novel legal theories that could have been addressed in first instance. Id. at 218. Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id. at 218. *Also see* Global NAPs, Inc. v. Verizon New Eng., Inc., 489 F.3d at 25 (motions under Rule 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law . . . or in certain other narrow situations"). A party moving for Rule 59(e) relief may not repeat arguments previously made. Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008). Nor may a party use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that "could, and should, have been made before judgment issued." Soto–Padró v.. Public Bldgs. Auth., 2012 U.S.App. LEXIS 5144 at *21, 2012 WL 762968 at *7 (1st Cir. March 12, 2012). It is therefore exceedingly difficult for a litigant to succeed in a Rule 59(e) motion. *Also see* ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir .2008);

In re Mujica, 470 B.R. at 254.

### IV. DISCUSSION

As noted above, the Court incorporates its findings of fact and rulings of law, except that it concludes that its findings as to the balance due under the Note at the petition date, i.e, $13,921, was erroneous. The Court rejects the Trustee's new arguments as they do not satisfy the standard for reconsideration under Fed. R. Bankr. P. 9023. The Court, however, accepts the Defendants' arguments at least in part.

4

Upon review of the entire summary judgment record in this adversary proceeding, the Court finds that its judgment for the Trustee on Counts I- II in the sum of $13,921 was erroneous as a matter of fact. The Court concludes that the obligations of the Defendants to the Debtors under the Note were satisfied in full prior to the commencement of the case by virtue of the parties' setoff of the value of the costs associated with the construction of the in-law apartment, cash payments, and the fair rental value of the in-law apartment, which the Debtors occupied and continue to occupy by virtue of an enforceable oral lease.

Upon consideration of Mr. Odell's "M & J Plan Schedule," the parties' course of performance, and the uncontested facts, the Court finds that the Note in the original principal sum of $231,000 was reduced by monthly rental payments of $1,000 per month, plus utilities from May or June of 2003 until the Debtors moved into the in-law apartment in April of 2008. Regardless of whether those sums, which total approximately $60,000, are used to reduce the balance due under the Note, which the Trustee admits was $147,870 as of May 19, 2008, the Note was paid and satisfied prior to the petition date. Even using the original principal amount of the Note ($231,000) instead of the reduced principal balance due on the Note at maturity in May of 2008 ($147,870), the Court finds that the Note was fully paid by the Defendants from and after the completion of the renovation project for the in-law apartment. If the renovation costs for the in-law apartment ($124,585), the cash payments made by the Defendants in June, November and December of 2008 ($30,764), and the fair rental value of the in-law apartment prior to the petition date ($1,700 for 47 months or $79,900) are subtracted from or setoff against the original principal balance of the Note

5

($231,000 ), the conclusion is inescapable that the Note was satisfied.[1]

With respect to Count III, the Court clarifies that the Note was not forgiven such that the forgiveness of the Note potentially could constitute a fraudulent transfer under either Mass. Gen. Laws ch. 109A, § 5 or § 6.  The Defendants and the Debtors provided mutual consideration for their agreement as to how the Note would be satisfied, namely through both cash payments and substantial benefit to the Debtors in the form of the use and occupancy of the in-law apartment, the fair value of which was setoff each month from the amount owed.  The Trustee failed to submit probative evidence to satisfy the requisite elements of either an intentionally fraudulent transfer or a constructively fraudulent transfer. The undisputed facts support a finding that although creditors of the Debtors may have existed at the time of the alleged "transfer" and that the Note and unrecorded Mortgage were the Debtors' only significant assets, the Trustee failed to submit any evidence of intentionally fraudulent conduct on the part of the Debtors and the Defendants and failed to establish that the Debtors were insolvent or rendered insolvent as a result of the alleged forgiveness of the Note in May of 2008, particularly as Mr. Odell indicated the Debtors were able to pay their debts as they became due.

---

[1] The accounting is as follows:

```
  $231,000
- $124,585
  $106,415
-  $30,764
   $75,651           $75,651 is < $79,900
```

V. CONCLUSION

In view of the foregoing, the Court shall enter an order vacating its judgment in favor of the Trustee on Counts I- III of the Trustee's Amended Complaint and enter judgment in favor of the Defendants on all three Counts.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 6, 2014